DLD-164                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1283
_____

MARILYN KENT,
                                            Appellant,

v.

FLORENCE VICKERS


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 12-cv-00116)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 19, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 5, 2012)
_____

OPINION
_____

PER CURIAM

    Marilyn Kent appeals pro se from the United States District Court for the Eastern

District of Pennsylvania's order dismissing her complaint.  Because this appeal does not

present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

## I.

In January, 2012, Kent filed a motion to proceed in forma pauperis ('IFP') in the District Court. Her complaint was entered on the District Court's docket on January 17, 2012, the same day that it granted Kent's motion to proceed IFP and dismissed her complaint pursuant to 28 U.S.C. § 1915(e).

Kent's complaint, which is one in a series of actions involving her horses, appears to assert that, in December 2009, she and Florence Vickers entered into a contract to house Kent's horses in Vickers's barn. She contends that, throughout the next several months, her horses suffered due to the poor condition of the barn and that Vickers responded to her complaints by turning off the barn's water supply. Kent was thus required to carry water to her horses. Kent asserts that Vickers threatened her, assaulted her, 'bullied' her, harassed her, slandered her, and breached their contract. She also refers to a claim for damages by Vickers, which she states is based on fraud and corruption.

The District Court's order dismissing the complaint explained that Kent, as a private citizen, did not have the right to bring a criminal case against the defendant nor could she proceed on a civil cause of action based on federal criminal laws. Additionally, the District Court stated that she had not met the requirements for bringing state law claims under the District Court's diversity jurisdiction because she and the defendant are Pennsylvania residents.

2

Kent now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

If a complaint is vulnerable to dismissal, a district court generally must first permit the plaintiff to file a curative amendment. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that, in civil rights cases, 'leave to amend must be granted sua sponte before dismissing' the complaint). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

Here, the District Court did not err in dismissing the complaint without providing Kent with an opportunity to amend her complaint because any such amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Court properly dismissed any criminal claims that Kent attempted to bring, as a private person does not have a "judicially cognizable interest in the prosecution . . . of another." See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Additionally, to the extent that Kent attempted to raise any state law claims, the District Court properly determined that such claims would be futile because Kent cannot meet the requirements for proceeding under the federal court's diversity jurisdiction. Although allegations of jurisdiction generally may be amended, in this case it is clear from the complaint that

3

both parties are Pennsylvania citizens and that the jurisdictional defect cannot be cured. See 28 U.S.C. § 1332.

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.